UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DONATUS OZOANI**<br>**REG. # 47044-007** | **DOCKET NO. 2:25-cv-000184**<br>**SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN FCI OAKDALE** | **MAGISTRATE JUDGE LEBLANC** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Donatus Ozoani ("Petitioner"). Doc. 1. Petitioner is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons **IT IS RECOMMEDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

I.
BACKGROUND

Petitioner was sentenced in Australia and is currently serving a sentence in the United States as a Treaty Transfer. Doc. 4-1. He asks this Court to "declare program statement 5410.01 as applied to treaty transferees, unlawful, issue a nationwide injunction against its continued enforcement, order the BOP to classify Petitioner as FSA eligible, and based on existing FSA credits, order Petitioner's immediate release from unlawful federal custody." Doc. 4, p. 7.

Prior to filing the instant petition, Petitioner began the grievance process by filing an Inmate Request to Staff on January 10, 2025, which was denied by the warden on February 24, 2025. Doc. 4-1. He was instructed to submit a BP-9 form should he intend to move forward with

an appeal of the warden's decision. *Id*. Instead, Petitioner filed the habeas petition presently before this Court.

## II.
## LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Exhaustion

A petitioner seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

The BOP has a four-step administrative process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. See 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to

the warden on a prescribed form (BP-9). 28 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director within twenty days after the warden's response (BP-10). 28 U.S.C. § 542.15. If still unsatisfied, the prisoner may appeal to the Central Office (BP-11). *Id*. There are time limits for BOP officials to respond at each level of the administrative remedy process. An inmate may seek relief in federal court only after he has exhausted **all levels** of the administrative review process. *See Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir. 1977) ("Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.") (emphasis added).

Ozoani presents evidence that the warden rejected his attempt to informally resolve his complaint. Doc. 4-1. Yet, he did not commence an appeal via the Administrative Remedy process by submitting a BP-9, as instructed by the warden. He does not contend that administrative remedies are either unavailable or wholly inappropriate for the relief he seeks. Moreover, he does not assert that exhausting his claim would be futile in the sense that the BOP routinely rejects similar claims. Thus, he has not met his burden of showing that the Court should apply an exception to the exhaustion requirement.

Hence, the Court concludes Petitioner has not exhausted and dismissal is warranted on that basis alone. *See Rivkin v. Tamez,* 351 F. App'x 876, 877-78 (5th Cir. 2009) (per curiam) (affirming dismissal of prisoner's § 2241 petition for failure to exhaust administrative remedies). Petitioner must give the BOP an opportunity to review his claim before pursuing a § 2241 claim in this Court.

### III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 21st day of August, 2025.

_____
THOMAS LEBLANC
UNITED STATES MAGISTRATE JUDGE